UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PERCIVAL WILLIAMS,

    Plaintiff,

v.                                                    Case No. 1:23-cv-156-MW/MJF

SARA TAT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Percival Williams, proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Williams is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the undersigned respectfully recommends that this case be dismissed without prejudice.

### I. BACKGROUND

Williams is a pretrial detainee currently confined at the Alachua County Jail. Doc. 1 at 2. Williams asserts that Defendant Sara Tat, an assistant public defender representing Williams in a pending state criminal case, violated the Fifth and Fourteenth Amendments because she failed to file pretrial motions on Williams's behalf. *Id.* at 5, 7. Williams alleges that he has suffered "anxiety stress and emotional distress" as a result. *Id.* at 5. As relief, Williams requests $150,000 in damages and the "discharge" of the indictments in his state criminal case. *Id.* at 7.

## II. DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). But there is a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Williams has incurred at least three strikes under section 1915(g):

- *Williams v. Pena*, No. 1:21-cv-161-AW/GRJ, ECF No. 15 (N.D. Fla. Dec. 29, 2021) (dismissing Williams's complaint because he failed to state a plausible claim for relief).

- *Williams v. Daniels*, No. 1:22-cv-332-AW/MAF, ECF No. 34 (N.D. Fla. Feb. 9, 2023) (dismissing Williams's complaint as malicious).

- *Williams v. Taylor*, No. 1:22-cv-337-AW/HTC, ECF No. 12 (N.D. Fla. Jan. 30, 2023) (dismissing Williams's complaint as malicious).

Williams acknowledges these strikes in his complaint. Doc. 1 at 9.

Because he has incurred *at least* three strikes, Williams may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Williams's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Williams's allegations, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. Williams's allegations center around his dissatisfaction with Tat's representation of Williams in Williams's pending state criminal case. Doc. 1 at 5. Additionally, although Williams mentions that he is experiencing "anxiety stress and emotion distress" as a result, this allegation simply is too vague to plausibly suggest that Williams is in imminent danger of serious physical injury. *Hafed*, 635 F.3d at 1179; *Martin*, 319 F.3d at 1050. It also is worth noting that because public defenders are not considered "state actors" for purposes of section 1983, Williams fails to state a plausible claim for relief against Tat. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice to Williams initiating a new case accompanied by the $402.00 fee in its entirety.

2. **DIRECT** the clerk of the court to terminate all pending motions and to close this case file.

At Pensacola, Florida, this 7th day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**